IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARVIN E. STALLINGS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case Number CIV-07-585-C |
| ) | |
| MICHAEL J. ASTRUE, Commissioner ) | |
| of the Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM OPINION AND ORDER

Plaintiff's application for Disability Insurance Benefits was denied by the Social Security Administration in 2006. Plaintiff then filed the present action seeking review of the agency's decision. On May 29, 2008, the Court entered judgment, reversing the final decision of the Commissioner of the Social Security Administration. The Court also granted Plaintiff's application for EAJA fees in the amount of $4,133. On remand, the Commissioner found that Plaintiff had been disabled since 2004 and awarded past-due benefits in the amount of $38,449.40. The agency withheld $9,862.35 of Plaintiff's past-due benefits for attorney's fees. Plaintiff's agency-level attorney received $5,300, leaving an amount of $4,562.35 withheld for Plaintiff's court-level attorney.

The continent-fee agreement executed between Plaintiff and his court-level counsel, the Troutman firm (the firm), indicated that, if Plaintiff were awarded benefits, he would pay the firm a fee equal to 25% of his past-due benefits. The firm received notice of the benefits award from the agency on April 27, 2009. The firm then filed the present motion for attorney's fees pursuant to 42 U.S.C. § 406(b), requesting an award of $8,695.35, which is

less than 25% of Plaintiff's past-due benefits.  The firm contends that it should receive the remaining amount currently withheld by the agency ($4,562.35).  It then intends to offset the remaining fee amount by retaining $4,133 in EAJA fees already awarded to Plaintiff.

According to 42 U.S.C. § 406(b)(1)(A),

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

Courts are entitled to make such an award when they remand for further proceedings, as long as the claimant is ultimately found entitled to past-due benefits.  See McGraw v. Barnhart, 450 F.3d 493, 503 (10th Cir. 2006).  Where a contingent-fee agreement is in place, district courts must examine the reasonableness of its terms and reduce an award as appropriate "based on the character of the representation and the results the representative achieved." Gisbrecht v. Barnhart, 535 U.S. 789, 808 (2002).  Whenever fees are awarded under both § 406(b) and the EAJA, "the claimant's attorney 'must refun[d] to the claimant the amount of the smaller fee.'"  Id. at 796.

> If the amount withheld by the Commissioner is insufficient to satisfy the amount of fees determined reasonable by the court, the attorney must look to the claimant, not the past-due benefits, to recover the difference.  At that point, the attorney stands on the same level as other judgment creditors in attempting to collect.

Wrenn v. Astrue, 525 F.3d 931, 933 (10th Cir. 2008).

Initially, the Commissioner raises the issue of the timeliness of Plaintiff's motion for attorney's fees. While § 406(b) itself imposes no specific time limit, the Tenth Circuit requires such requests for fees to be made "within a reasonable time of the Commissioner's decision awarding benefits." McGraw v. Barnhart, 450 F.3d 493, 505 (10th Cir. 2006). The Commissioner awarded Plaintiff past-due benefits on March 31, 2009. The firm contends that it did not receive notice of this award until April 27, 2009. The present request for fees was filed on June 3, 2009. The Court does not find this to be an unreasonable lapse of time, and therefore Plaintiff's motion will be considered timely. Accordingly, the Court will turn to a consideration of the reasonableness of the requested fee.

Here, Plaintiff's counsel seeks a fee award in the amount of $8,695.35 for 23.5 hours of work. (See Dkt. No. 31, Ex. 3.) The Court finds this to be a reasonable fee for the work performed. There is no indication that the firm was responsible for any sort of delay in the proceedings, and the benefits awarded do not seem unduly large in comparison to the time spent by the firm in handling the case. Additionally, there is nothing to suggest that the character of the representation or the results achieved were in any way deficient. Because the firm has already received an award under the EAJA, Plaintiff is entitled to a refund of the smaller fee, which in this case would be the $4,133 awarded in EAJA fees.

Accordingly, Plaintiff's Motion for Attorney Fees (Dkt. No. 32) is GRANTED. Plaintiff's attorney is awarded a fee in the amount of $8,695.35 pursuant to 42 U.S.C. § 406(b). The Commissioner shall disperse the amount it continues to hold from Stallings' back benefits for payment of fees to the firm of Troutman & Troutman, P.C. Because

Plaintiff was previously awarded fees under the EAJA, he is entitled to a refund of the smaller EAJA award.

IT IS SO ORDERED this 30th day of June, 2009.

ROBIN J. CAUTHRON
United States District Judge